IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01180-SBP
(**The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may result in a delay in the consideration of your claims.**)

KAMILAH TOLLIVER,

    Plaintiff,

v.

ANDRAYA MICHELLE,
KYLIE JENNER,
BEYONCE KNOWELLS,
KIM KARDASHIAN,
MONICA ARNOLD,
FABOULOUS JHON JACKSON,
TAMARA JHONSON,
GROUP SWV,
KELLY WHITTIKER,
TANISHA LITTLETON,
ABURY ODAY,
KEISHA KNIGHT,
CARDI B.,
OFFSET, on behalf of KC, and
MARCELIS SANCHEZ,

    Defendants.

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND AMEND COMPLAINT

Plaintiff Kamilah Tolliver resides in Denver, Colorado. On April 29, 2024, Plaintiff initiated this action by filing *pro se* a Complaint (ECF No. 1) and an Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) (ECF No. 3). In the past two weeks,

1

Plaintiff Tolliver has initiated ten other actions in this Court. *See Tolliver v. Jackson*, 24-cv-1181-SBP, *Tolliver v. Kardashians*, 24-cv-01179-SBP, *Tolliver v. Sanchez*, 24-cv-01130-SBP, *Tolliver v. Walmart Corp.*, 24-cv-01129-SBP, *Tolliver v. Almanzer*, 24-cv-01126-SBP, *Tolliver v. Millian*, 24-cv-01124-SBP, *Tolliver v. Michelle*, 24-cv-01122-SBP, *Tolliver v. Knight*, 24-cv-01085-SBP, *Tolliver v. Jenner*, 24-cv-01083-SBP, *Tolliver v. Oday*, 24-cv-01055-SBP.

As part of the Court's review of this action, pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that the submitted documents are deficient as described in this order. Plaintiff will be directed to cure the following if she wishes to pursue her claims. Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1) __     is not submitted
(2) __     is not on proper form (must use the Court's current (long form))
(3) __     is missing date and original signature by Plaintiff
(4) __     is missing affidavit
(5) __     affidavit is incomplete
(6) __     affidavit is not properly notarized
(7) __     names in caption do not match names in caption of complaint, petition or application
(8) X     other:
- Must provide complete, accurate, and consistent financial information. Financial information provided should be consistent on all *in forma pauperis* motions that Plaintiff files on the same day and reasonable/similar compared to *in forma pauperis* motions filed within the same week.
- In the alternative, Plaintiff may pay the $405.00 filing and administrative fees.

**Complaint or Petition**:
(9)  __     is not submitted
(10) __    is not on proper form
(11) __    is missing an original signature by the Plaintiff
(12) __    is incomplete:
(13) __    uses et al. instead of listing all parties in caption
(14) __    names in caption do not match names in text of Complaint
(15) X     addresses must be provided for all defendants/respondents

2

(16)  X        other: as discussed below, Plaintiff should adequately allege federal jurisdiction, should comply with Rule 8 of the Federal Rules of Civil Procedure, and should not include factually frivolous claims.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Plaintiff will be ordered to file an Amended Complaint.

First, Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Plaintiff is directed to file an Amended Complaint that complies with Rule 8. To comply with federal pleading standards, Plaintiff must allege in a clear, concise, and organized manner what each defendant did to her, when the defendant did it, how the defendant's action harmed her, what specific legal right she believes the defendant violated, and what specific relief she requests. *See*

3

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Next, Plaintiff's Complaint fails to adequately allege federal subject matter jurisdiction. Pursuant to Fed. R. Civ. P. 12(h)(3), the court must dismiss an action if it lacks subject matter jurisdiction:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The issue of subject matter jurisdiction may be raised *sua sponte* by the court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Furthermore, statutes conferring jurisdiction on federal courts must be strictly construed. *See United States v. Pethick*, 513 F.3d 1200, 1202 (10th Cir. 2008).

There are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks omitted).

A plaintiff properly invokes diversity jurisdiction pursuant to § 1332 when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional

amount of $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pled affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (stating that the pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

Plaintiff indicates the Court has jurisdiction pursuant to both § 1331 and § 1332. (ECF No. 1 at 3). However, she fails to allege facts that demonstrate the Court has subject matter jurisdiction pursuant to either statute. In any amended pleading, Plaintiff must assert the correct jurisdictional basis for her claims and provide sufficient factual allegations to establish this Court's subject-matter jurisdiction over such claims.

Finally, Plaintiff's Complaint contains factually frivolous allegations. Title 28 U.S.C. §1915(e)(2)(B) requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B); *see also Judy v. Obama*, 601 F. App'x 620, 621 n.1 (10th Cir. 2015) (Section 1915(e)(2) applies to nonprisoner cases). A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* at 327. A claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The allegations in the Complaint are largely incoherent and appear delusional. As such, the Court finds that the claims are factually frivolous. Thus, in any amended pleading, Plaintiff should assert claims which sets forth a coherent, arguable claim for relief.

Plaintiff is informed that she may choose to contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294.

Accordingly, it is

ORDERED that **within thirty days from the date of this order**, Plaintiff shall file an Amended Complaint that complies with the directives in this order and that cures the designated deficiencies. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form and Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), along with the applicable instructions, at www.cod.uscourts.gov, and use the forms to cure the above noted deficiencies. It is

FURTHER ORDERED that if Plaintiff fails to comply with this order within the time allowed, this action will be dismissed without further notice.

DATED May 1, 2024.

BY THE COURT:

Susan Prose
United States Magistrate Judge